UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER M. PALERMO

v.  C.A. NO. 10-221 ML

RHODE ISLAND ACI

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Christopher M. Palermo ("Plaintiff"), *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") against the ACI and four ACI administrators and officers ("Defendants") (Docket # 1). This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A ("§ 1915(e)(2)" and "§ 1915A", respectively), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and Plaintiff's motion to proceed *in forma pauperis* be DENIED.

## BACKGROUND

The following background is based on allegations plaintiff makes in the Complaint.

### I.  Eye Injury and Job Termination

In February 2010, Defendant steward officer Charlie Thomas ordered Plaintiff, who was working in the maximum security kitchen, to clean out a food kettle with oven cleaner. Plaintiff requested safety glasses, which were called for by the label on the oven cleaner, but the request was denied. Plaintiff then got oven cleaner in his eyes, and the kitchen did not have an eye wash station. Defendant Thomas denied Plaintiff's request for medical attention, and told Plaintiff, "You see the nurse[,] don't come back to work." Cmpt. at ¶ 5. Plaintiff went to the nurse later that day and received eye cream. About four days later, Defendant Thomas threatened to fire Plaintiff because he had sought medical treatment. Months later, on May 3, 2010, Defendant Thomas, after telling Plaintiff he had been waiting for two months for Plaintiff to screw up so he could fire him, terminated Plaintiff's employment in the kitchen.

## II. Boiling Soup and Denial of Medical Treatment

In February 2010, Defendant Thomas directed Plaintiff to move a 20-gallon bowl of hot soup that was sitting atop a plastic trash can approximately 75 feet across the kitchen. Plaintiff objected, but was ordered to move the soup. While Plaintiff was performing the task, the trash can collapsed and boiling soup spilled on Plaintiff. Plaintiff asked to see the nurse because he had burns on his arms, leg, and feet. Correctional officer Gardner ridiculed Plaintiff and ultimately denied his request for medical attention.

## III. Sexual Harassment

Since Plaintiff started working in the Maximum Security Unit kitchen in January 2010, Defendant Thomas continually approached Plaintiff from behind and rubbed against Plaintiff while making "sexual comments." Cmpt. at ¶ 14. Defendant Thomas acted in such a way even though Plaintiff told him to stop.

## DISCUSSION

## I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, § 1915A directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal*, 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

## II. Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, although the defendant officers were acting under state law, Plaintiff's claims fail to allege facts indicating that defendants deprived him of a constitutional or federal statutory right.

## III. Rhode Island ACI Not a "Person" Under § 1983

First, it is well established that neither states nor state agencies are considered "persons" against whom a § 1983 action may be maintained. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). Therefore, the ACI, an agency of the state, is not a "person" for purposes of § 1983. I recommend that the claims against the Rhode Island ACI be DISMISSED.

## IV. Supervisors Wall and Weeden: No Direct Involvement Alleged

Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a); *see also Educadores Puertorriqueños En Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)("[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..."). Further, in a § 1983 action, only direct, rather than vicarious, liability is available. *See Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating "an affirmative link between the behavior of the subordinate and the action or inaction of his supervisor ... such that the supervisor's conduct led inexorably to the constitutional violation." *Maldonado v. Fontanes*, 568 F.3d 263, 275 (1st Cir. 2009)(citations and internal quotations omitted); *see also Iqbal*, 129 S.C.t at 1949 (implying "purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

Here, the Complaint only alleges actions by Officers Thomas and Gardner; it contains no allegations against Defendants Wall or Gadsen. Absent any allegations against them, the Complaint clearly fails to implicate either of these supervisory defendants with direct involvement in any alleged wrongdoing. Accordingly, the Complaint fails to state a claim on which relief may be granted against either of these defendants. I recommend any claims against them be DISMISSED.

## V. Eighth Amendment Claims

Under a liberal reading, the Complaint alleges three Eighth Amendment claims: (i) unsafe conditions of confinement; (ii) denial of medical treatment; and (iii) sexual harassment.

### A. Unsafe Conditions of Confinement

The Eighth Amendment prohibits "cruel and unusual punishments," and "it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1974)(quoting *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Prison officials must provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care." *Id.* (citation omitted). To allege an Eighth Amendment claim, a plaintiff must plead facts which establish both an objective component (that the defendant was forced to endure "extreme deprivations") and a subjective component (that the defendant acted with "deliberate indifference" to such conditions). *See Hudson*, 503 U.S. at 8-9. With respect to the objective component, "[t]he Constitution ... 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321 (1991)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 & 347, 101S.Ct. 2392 (1981)). With respect to the subjective element, the plaintiff must plead facts indicating that the defendant was aware of and consciously disregarded a serious risk of substantial harm to the plaintiff. *See Farmer*, 511 U.S. at 826.

Here, Plaintiff alleges that he was forced by Defendant Thomas to work under unsafe conditions. He points to being required to use cleaning chemicals without safety goggles in a kitchen with no eye-wash station and move a bowl of soup that was precariously placed on a plastic trash can. Plaintiff emphasizes that he was injured as a result of these unsafe conditions. The alleged conditions may warrant an investigation and, if true, corrective action by Defendant Thomas's supervisors at the ACI. Nonetheless, the alleged conditions are not sufficiently severe to rise to the level of a constitutional violation. Accordingly, I recommend the Eighth Amendment claims regarding unsafe conditions of confinement be DISMISSED.

### B.  Denial of Medical Treatment

The Eighth Amendment also prohibits prison officials from "deliberate indifference" to an inmate's serious medical needs. *See Farmer*, 511 U.S. at 834. Again, inquiry into both objective and subjective factors is required. First, the prisoner's medical need must be objectively serious, involving a substantial risk of serious harm if not properly treated. *See Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990). Second, the prison official must have had subjective awareness of the inmate's need and consciously disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837.

Here, Plaintiff alleges (i) that cleaning chemicals burned his eyes and he was later prescribed an eye cream and (ii) his arms, leg, and feet were burned after boiling soup spilled on them. However, Plaintiff does not describe any severe or long-term pain or damage to his eyes or his arms, leg, and feet. Such injuries do not rise to the level of an objectively serious medical need required to form the basis of an Eighth Amendment claim. Further, although Defendant Thomas refused to allow Plaintiff to obtain immediate medical treatment, Plaintiff sought and received medical treatment for his eyes later the same day. He does not state that the delay resulted in any harm. *See Gaudreault*, 923 F.2d at 209 (finding no serious medical need where nothing in the record indicated that delay in treatment caused by defendants exacerbated plaintiff's injuries). Similarly, Plaintiff does not describe any harm resulting from not receiving immediate medical attention after the soup spilled on him. Accordingly, I find that the Complaint fails to state viable Eighth Amendment claims against Defendants Thomas and Gardner for inadequate medical care, and recommend that such claims be DISMISSED.

### C.  Sexual Harassment

To state an Eighth Amendment claim for the use of excessive force, an inmate must demonstrate "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)(citations omitted). The primary inquiry in determining whether a prison official used excessive physical force turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995, 1000 (1992) (citations omitted). Again, there is an objective component of the inquiry, which requires that the injury be "objectively, sufficiently serious," and a subjective component, which requires the prison official have a "sufficiently culpable state of mind." *See Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006). "Because sexual abuse by a corrections officer may constitute serious harm inflicted

by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2$^d$ Cir. 1997). However, "not every case of inappropriate touching will meet the two-prong test." *Roten v. McDonald*, No. 08-081, 2009 WL 4348367, at *4 (D.Del. Nov. 30, 2009). Assaults that result in only *de minimis* harm do not rise to the level of constitutional infractions unless the behavior of the officer in question can be deemed "'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (internal citations omitted).

Here, the allegations of sexual abuse in the Complaint, while certainly describing inappropriate conduct, fail to rise to the level of an Eighth Amendment violation. Instead, the claims parallel conduct in cases finding insufficient action to state a constitutional violation. *See, e.g. Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished) (inmate's allegations that he suffered momentary pain, "psychological injury," embarrassment, humiliation, and fear after he was subjected to officer's offensive and unwanted touching did not rise to the level of constitutional harms); *Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005)(unpublished)(allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); *Joseph v. U. S. Fed. Bureau of Prisons*, 232 F.3d 901, at *1-2 (10th Cir. Oct. 16, 2000)(unpublished)(allegations that prison official "touched [plaintiff] several times in a suggestive manner and exposed her breasts to him" were not "objectively, sufficiently serious" to state an Eighth Amendment claim); *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998)(touching of inmate's buttocks by prison employees, though inappropriate and sanctioned by prison, does not violate the Eighth Amendment); *Boddie*, 105 F.3d at 861 (verbal harassment and fondling of inmate's genitals by prison guard, though despicable, not sufficiently serious to establish Eighth Amendment violation). Accordingly, I recommend that the Eighth Amendment sexual harassment claims against Defendant Thomas be DISIMSSED.

### VI.   Fourteenth Amendment

Finally, Plaintiff implies that Thomas fired him from his job in the kitchen in retaliation for seeking medical care for his eye injury. To the extent Plaintiff is suggesting that such action violated his due process rights, he fails to state a cognizable claim. In order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, "it is clear that, unless state laws or regulations are to the contrary, prisoners have no vested property or liberty

rights to either obtain or maintain prison jobs." *Dupont v. Saunders*, 800 F.2d 8, 10 (1st Cir. 1986); *see also West v. Beauclair*, 338 Fed.Appx. 716, 717 (9th Cir. 2009)(unpublished)(holding that prison inmates have no constitutionally protected liberty or property interest in their job assignments); *Sylvester v. Cain*, 311 Fed.Appx. 733, 735 (5th Cir. 2009)(same); *Jackson v. Russo*, 495 F.Supp.2d 225, 229 (D.Mass. 2007). Rhode Island law, which vests the RIDOC director with total discretion over whether ACI inmates may work, does not create any property or liberty interest in employment for prisoners. *See Young v. Wall*, 359 F.Supp.2d 84, 91 (D.R.I. 2005) (citing R.I.Gen.L. § 42-56-22). Furthermore, the loss of prison employment or wages does not create an atypical and significant hardship upon which a liberty interest may be grounded. *See Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293 (1995);

Additionally, Plaintiff's claims that the termination was in retaliation for his seeking medical treatment also fail. Retaliation claims require three elements: (1) the plaintiff engaged in constitutionally protected conduct; (2) the plaintiff suffered an adverse action that would deter an ordinary person from the engaging in such protected conduct; and (3) there was a causal connection between the constitutionally protected conduct and the adverse action. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999); *Price v. Wall*, 464 F.Supp.2d 90, 96 (D.R.I. 2006). However, "defendants may avoid liability by showing that they would have taken the same action even in the absence of the prisoner's protected conduct." *Roy v. Stanley*, No. 02-555, 2005 WL 2290276, at *5 (D.N.H. Sept. 20, 2005)(citation omitted); *see also McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979)(plaintiff must demonstrate that retaliatory act would not have occurred "but for" protected conduct). Furthermore, even if the defendant had an impermissible reason for the alleged adverse action, if a separate, permissible reason exists, the defendant will not be liable. *See Sullivan v. Corr., Me. Warden*, 96 F.3d 1430, at *1 (1st Cir. 1996) (unpublished).

Here, Plaintiff was not engaging in constitutionally protected conduct by seeking medical treatment for his eye injury. Further, the Complaint states that Defendant Thomas had waited for Plaintiff "to screw up" before terminating him. Cmpt. at ¶ 5. Thus, even if the termination was in part related to Plaintiff's seeking medical care, the Complaint, on its face, suggests that Defendant Thomas had other reasons to terminate Plaintiff.

Accordingly, I conclude that Plaintiff's claims regarding his alleged termination from his prison kitchen job fails to state a claim on which relief may be granted and thus recommend that this claim be DISMISSED.

## CONCLUSION

For the reasons set forth above, I find that none of the claims in the Complaint state claims on which relief may be granted and thus recommend that the Complaint be DISMISSED in its entirety. Accordingly, I recommend that Plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

/s/ Jacob Hagopian

Jacob Hagopian
Senior United States Magistrate Judge
June 15, 2010